# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARK WOLFKIEL and KELLI MAJIROS, individually and on behalf of classes of similarly situated individuals,<br><br>        Plaintiffs,<br><br>  v.<br><br>INTERSECTIONS INSURANCE SERVICES INC., an Illinois corporation, INTERSECTIONS INC., a Delaware corporation, and OCWEN FINANCIAL CORP., a Delaware corporation,<br><br>        Defendants. | Case No. _____ |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1453, defendant Ocwen Financial Corporation ("OFC") hereby removes the case styled *Wolfkiel v. Intersections Insurance Services Inc.* filed in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, No. 13-CH-20236 ("State Court Action") to the United States District Court for the Northern District of Illinois, Eastern Division. In support of its Notice of Removal and as grounds for removal, OFC states as follows:

## I. BACKGROUND

1. On September 3, 2013, plaintiffs, Mark Wolfkiel ("Wolfkiel") and Kelli Majiros ("Majiros") (collectively "Plaintiffs"), filed a putative Class Action Complaint ("Complaint") (Exhibit A) against defendants, Intersections Insurance Services Inc. ("IISI"), Intersections Inc. ("Intersections"), and OFC (collectively "Defendants") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

2. On September 4, 2013, OFC was served with a copy of the Complaint. (Exhibit A). Intersections was served with a copy of the Complaint on September 4, 2013; IISI was served with a copy of the Complaint on September 6, 2013. *Id.*

3. The Complaint alleges that Defendants made unsolicited telephone calls to Wolfkiel's cellular and Majiros's landline telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (Compl. ¶¶ 49-67).

4. Plaintiffs also seek to represent a nationwide class of individuals who allegedly received certain phone calls from Defendants in violation of the TCPA. (Compl. ¶ 43).

5. Plaintiffs request the following relief: (a) that the court appoint Plaintiffs as class representative, appoint Plaintiffs' counsel as class counsel, and order that this case may be maintained as a class action; (b) $500 in statutory damages for each TCPA violation; (c) trebled statutory damages for each willful or knowing TCPA violation; (d) actual damages; and (e) an injunction prohibiting Defendants from engaging in the alleged statutory violations.

## II. THE STATE COURT ACTION IS REMOVABLE UNDER FEDERAL QUESTION JURISDICTION.

6. A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. Plaintiffs' two-count State Court Action only alleges that the Defendants violated the TCPA, 47 U.S.C. § 227. (Compl. ¶¶ 54-57; 66-67).

8. In *Mims v. Arrow Financial Services, LLC*, the United States Supreme Court held that federal courts have federal question jurisdiction under 28 U.S.C. § 1331 over TCPA claims brought by private plaintiffs. 132 S. Ct. 740, 747 (2012).

9. Because this case arises under federal law, the United States District Court for the Northern District of Illinois has federal question jurisdiction over Plaintiffs' TCPA claims in the State Court Action. *Id*.

10. Although the unanimous consent of all defendants is not required for the removal of class actions, like this one, that meet the definition of "class action" in 28 U.S.C. § 1332(d)(1), *see* 28 U.S.C. § 1453(a), (b), counsel for OFC has conferred with counsel for defendants IISI and Intersections, and IISI and Intersections consent to the removal of the State Court Action, and have given undersigned counsel permission to memorialize this written consent on their behalf. 28 U.S.C. § 1446(b)(2)(A).

### III. OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

11. Defendants have satisfied all procedural requirements for removal.

12. Removal is timely. The Complaint was first served on certain defendants on September 4, 2013. This Notice of Removal is being filed within 30 days of Plaintiffs first serving a copy of the Complaint on any defendants and is therefore timely under 28 U.S.C. § 1446(b)(1).

13. The State Court Action is being removed to the proper court. The proper venue for removal is "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal is proper because the United States District Court for the Northern District of Illinois embraces Cook County, Illinois where the State Court Action was commenced. 28 U.S.C. § 93(a)(1).

14. In compliance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of Cook County, Illinois, and served on all parties of record.

15. A copy of all process, pleadings, and orders served upon Defendants is attached as Exhibits A and B. 28 U.S.C. § 1446(a).

WHEREFORE, OFC respectfully removes the State Court Action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Dated: October 4, 2013                                   Respectfully submitted,


/s/ Richard E. Gottlieb
One of the Attorneys for Defendant
Ocwen Financial Corp.

Richard E. Gottlieb
(rgottlieb@BuckleySandler.com)
Kristopher Knabe
(kknabe@BuckleySandler.com)
BuckleySandler LLP
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
T. 312.924.4330
F. 312.924.4331

Consent to file on behalf of Intersections Inc. and Intersections Insurance Services Inc. provided by:

*/s/* Anthony J. Monaco
Anthony J. Monaco
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave., Suite 3300
Chicago, Illinois 60611
T. 312.321.9100
F. 312.321.0990
amonaco@smbtrials.com

# CERTIFICATE OF SERVICE

I, Richard E. Gottlieb, one of the attorneys for defendant OFC, certify that on October 4, 2013, I caused a copy of the foregoing Notice of Removal to be filed electronically via the Court's ECF system and mailed via Federal Express to the following addresses:

*Counsel for Plaintiffs*

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
Christopher Dore
**Edelson LLC**
350 North LaSalle Street, Suite 1300
Chicago, IL 60654

Stefan Coleman, Esq.
**Law Offices of Stefan Coleman, LLC**
201 S Biscayne Blvd, 28th Floor
Miami, FL 33131

*Counsel for Defendants Intersections Insurance Services, Inc. and Intersections, Inc.*

Randall Brater
**Arent Fox LLP**
1717 K Street, NW
Washington, DC 20036

Anthony J. Monaco
**Swanson, Martin, & Bell, LLP**
330 North Wabash Ave., Suite 3300
Chicago, Illinois 60611

/s/ Richard E. Gottlieb
Richard E. Gottlieb
(rgottlieb@BuckleySandler.com)
BuckleySandler LLP
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
T. 312.924.4330
F. 312.924.4331